STATE OF IOWA, Appellee, v. GEORGE CAHILL, Appellant.

ESCAPE: Indictment—Allegation. Under an indictment under Section 1  4897-a, Code Supplement, 1913, it is not necessary formally to allege that the accused escaped "from the custody of the warden."

ESCAPE: Acts Constituting. The act of a prisoner in willfully leaving 2  his place of confinement in the penitentiary without the consent of the officer in charge constitutes an "escape," within Section 4897-a, Code Supplement, 1913.

CONSTITUTIONAL LAW: Cruel and Unusual Punishment—Solitary 3  Confinement. Solitary confinement on a bread and water diet for a short period of time is not a cruel and unusual punishment in a constitutional sense.

CONVICTS: Solitary Confinement. Solitary confinement of a prisoner 4  for infraction of the rules of the penitentiary against fighting is authorized by Section 5666, Code of 1897.

CRIMINAL LAW: Former Jeopardy—Punishment for Attempted 5  Escape. The fact that a prisoner in the penitentiary was punished by the warden for an attempted escape is no obstacle to a later prosecution under the statute for said offense.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

· JUNE 22, 1923.

REHEARING DENIED SEPTEMBER 28, 1923.

THE defendant appeals from a conviction of the crime of escape from the penitentiary.—*Affirmed.*

*Omar E. Herminghausen,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *G. L. Norman,* County Attorney, for appellee.

STEVENS, J.—The argument of counsel invites academic discussion of a large number and variety of subjects; but, as the decision must be controlled by the statute, we shall consider only such matters as are pertinently involved.

While serving a sentence in the penitentiary at Fort Madison, appellant was placed in solitary confinement by order of the deputy warden, for the infraction of a rule of the prison prohibiting prisoners from fighting. While thus confined, he escaped from the cell, and was apprehended on top of the wall by a guard, while he was attempting to escape from the inclosure. The indictment is based upon Section 4897-a of the Supplement to the Code, 1913, which, so far as material, is as follows:

"If any person committed to the penitentiary or reformatory shall break such prison and escape therefrom or shall escape from or leave without due authority any building, camp, farm, garden, city, town, road, street, or any place whatsoever in which he is placed or to which he is directed to go or in which he is allowed to be by the warden or any officer or employee of the prison whether inside or outside of the prison walls, he shall be deemed guilty of an escape from said penitentiary or reformatory and shall be punished by imprisonment in said penitentiary or reformatory for a term not to exceed five years, to commence from and after the expiration of the term of his previous sentence. In order to constitute an escape under the provisions of this act it is not necessary that the prisoner be within any walls or inclosure nor that there shall be any actual breaking nor that he be in the presence or actual custody of any officer or other person. If any person having been paroled from the state penitentiary or state reformatory as provided by law, shall thereafter depart without the written consent of the

board of parole from the territory within which by the terms of said parole he is restricted, * * * he shall be deemed to have escaped from the custody within the meaning of Section 1 of this act and shall be punished as therein provided.''

I. Among the several grounds of a motion in arrest of judgment, the appellant alleged that the language of the indictment is insufficient to charge the offense defined by the statute, for the reason that it failed to allege that he escaped from the custody of the warden of the penitentiary. It is true that he was, at the time, in the constructive custody of the warden; and if the crime of escape was consummated, there is a technical sense in which his escape was from the custody of the warden. The indictment, however, fully and fairly apprised the defendant of the essential acts constituting the crime, and it is not void because it did not specifically charge that he escaped from the custody of the warden. He was charged with having escaped from the cell in which he was confined by the order of the deputy warden, without the permission or authority of any officer of the prison. The indictment meets all the requirements of the statute.

1. ESCAPE: indictment: allegation.

II. One of the principal contentions of the appellant is that the acts charged and proved are not consummated acts, and constitute only ''an attempt to escape,'' which is not made a crime by the statute. The specific language of Section 4897-a makes the crime complete if a person committed to the penitentiary ''break such prison and escape therefrom,'' or ''escape from or leave without due authority any building * * * or any place whatsoever in which he is placed'' or ''to which he is directed to go'' or ''in which he is allowed to be by the warden or any officer or employee of the prison, whether inside or outside of the prison walls.''

2. ESCAPE: acts constituting.

The evidence was undisputed that appellant escaped from solitary confinement by opening the door of his cell, which, because of the failure of an automatic lock to work, was unintentionally left unlocked; and his escape from the prison walls, as stated above, was prevented by the timely interposition of a guard. He did not, therefore, escape from the prison; and if

this is necessary to the consummation of the offense, then an acquittal should have been directed by the court. The escape was complete, however, when he opened the unlocked door of the cell, and went, as he claimed to have done, to another part of the prison. The statute is disciplinary in its nature, and the severe penalty for its violation was evidently designed to deter prisoners from breaking the rules of the prison, and to aid the authorities in the enforcement of reasonable and necessary prison rules. Appellant in his testimony admitted that he violated the rule of the prison against fighting, and his confinement in the solitary cell upon a diet of bread and water was intended as a punishment for this infraction, and as a warning to others that order and discipline would be rigorously enforced by the prison authorities.

The acts charged are within the plain provisions of the statute, and no other construction or interpretation is either reasonable or possible. Appellant escaped, without permission or authority of any officer of the penitentiary, from the cell in which he had been placed by the order of the deputy warden. While it is true that he was, when apprehended by the guard, attempting to effectuate his escape from the prison inclosure, and, had he succeeded, the crime would, of course, have been complete, still, under the statute quoted, escape from the inclosure is not necessary. The statute may appear to be somewhat harsh; but it is a valid and enforcible one, and its reasonableness is for the legislature, and not for the court. The legislature saw fit to define the crime of escape as something less than going beyond and outside of the prison walls. In doing so, it acted within its legislative power, and the court cannot, by interpretation, deprive the statute of its proper scope and effect.

III. It is next urged by appellant that the punishment by solitary confinement upon bread and water, under the circumstances disclosed in the evidence, was a violation of Article 1, Section 17, of the Constitution of Iowa, which provides that "cruel and unusual punishment shall not be inflicted," and that he therefore had a right to defend himself by escaping therefrom.

3.. CONSTITUTIONAL LAW: cruel and unusual punishment: solitary confinement.

Section 5675 of the Code authorizes solitary imprisonment as a prison discipline and for the government and good order of the

convicts.  Appellant claims that the cell was infested with bugs, worms, and vermin; that the toilet was so out of repair that, when it was flushed, the water ran out upon the floor; that the cell was without a chair, bed, or other reasonable comforts.  He further claims that he had been suffering from lung trouble, and that the cell was rendered unhealthful by the conditions existing and the manner in which it was kept.  The evidence on the part of the State was to the effect that the toilet was completely repaired.

However interesting a discussion of this subject might be, it seems to us that the right of the legislature to provide for the punishment of prisoners by solitary confinement is too clear to justify a review of the many authorities cited by counsel, none of which hold to the contrary.  If the cell in which appellant was confined was not kept clean and healthful and the toilet in good working order, it should have been given immediate attention by those in charge, and all of the matters complained of entirely corrected.

Appellant was sent to the penitentiary from Pottawattamie County, upon a conviction of the crime of larceny from the person.  Unwilling to obey the laws of the state, he now complains of the prison authorities because they have found it necessary to adopt extreme measures, to compel his obedience to the rules of the prison.  It is the duty of the proper officers of the prison to provide clean and sanitary surroundings for the prisoners, and nothing less will serve the purposes or demands of society; but prisoners should understand at all times that absolute obedience to the rules of the prison must be observed, and that any infraction thereof is sure to result in punishment, the severity of which should depend upon the nature of the offense committed.  The evidence of the State tended to establish the falsity of appellant's complaint as to the condition of the toilet and the cell generally.  The quantity of bread furnished appellant was inadequate if the confinement was protracted over many days; but neither this nor the other matters complained of afforded him the slightest justification for escaping from the cell or attempting to secure his liberty from confinement.

IV.  The next proposition relied upon for reversal is that the deputy warden was without authority to punish appellant

by solitary confinement.   The rules of the prison are not set out
in the abstract, but Section 5666 of the Code
4. CONVICTS: soli-    makes it the duty of each warden to "see that
   tary confinement.
the laws and disciplinary rules and regulations
of the institutions are faithfully executed by his under officers
and obeyed by the convicts; * * * and disobedience by the con-
victs shall be punished by the infliction of such penalties as are
provided by law and the rules which are prescribed by the
government of such institution. * * *"

It is not claimed that prisoners are not forbidden to fight,
and it is manifest that conduct of this character, if permitted,
would soon utterly destroy the discipline and government of the
prison.   The contention of appellant that the deputy warden
confined him without authority is wholly without merit.

V.   The point is also made that, as appellant was punished
by the prison authorities for the infraction of the rules and his
escape from solitary confinement, the court erred in excluding
5. CRIMINAL LAW:   evidence offered to show that fact.   The ruling
   former jeopardy:  of the court was correct.   Punishment by the
   punishment for
   attempted escape.  prison authorities for the violation of its rules
or for the enforcement of necessary discipline did not place him
in jeopardy, within the constitutional sense, and constitutes no
defense whatever to the charge upon which he was tried.   *People
v. Huntley,* (Mich.) 71 N. W. 178.

VI.   Appellant applied for a change of venue, upon the
ground of prejudice of the community and of the trial judge.
The motion was overruled.   The petition did not comply with
Section 5344 of the Code, in that it was verified by the appel-
lant alone.   The statute confers a large discretion upon the
court, as well as the duty to determine the petition according
to the very right of the matter.   There is nothing in the record
to indicate that the court abused its discretion when the petition
was denied.

We need not discuss other points argued by counsel.   We
find no prejudicial error in the record.   The judgment below
is—*Affirmed.*

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.