STATE OF CONNECTICUT *v.* WALTER DOOLITTLE

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 23452

Memorandum filed March 2, 1960

*John D. LaBelle,* state's attorney, for the state.

*Roger F. Gleason,* special public defender, of New Britain, for the defendant.

PHILLIPS, J. In this case, the accused filed a plea in bar claiming double jeopardy. The substance of the facts alleged is that after the incident in the prison on January 6, 1960, the prison authorities punished the accused by putting him in that part of the prison known as "The Hole" for twenty-one days without clothing, bedding or other necessities of life and fed him on bread and water. The state has demurred to this plea.

The common-law rule, incorporated to a certain extent into the constitution of the United States, that no one shall be put in jeopardy twice for the same offense is based upon a principle common to all systems of jurisprudence, i.e., the finality of

judicial proceedings. *State* v. *Lee,* 65 Conn. 265, 271. This principle gives protection against a second judicial proceeding. It is based on the truth that a judicial proceeding lawfully carried to its conclusion by a final judgment puts the seal of finality on the controversy determined by that judgment. The putting in jeopardy means a jeopardy which is real and has continued through every stage of a prosecution, as fixed by existing laws relating to procedure. Id., 272, 273. As is stated in *State* v. *Garvey,* 42 Conn. 232, 233, "[t]he principle which protects an individual from the jeopardy involved in a second trial for the same offense is well established and fully recognized."

Here, there has been no prior judicial proceeding involving the offenses with which the accused is charged. This is not a second trial. The solitary confinement and other measures alleged in the plea were not imposed as punishment in any judicial proceeding but were measures of prison discipline. *State* v. *Mead,* 130 Conn. 106, 111; *State* v. *Cahill,* 196 Iowa 486, 491. Such measures did not place the accused in jeopardy in the common-law or constitutional sense.

The demurrer is sustained.