**STATE of Missouri, Respondent,**

v.

**Jerry CRONEY, Appellant.**

No. 53001.

Supreme Court of Missouri,
Division No. 2.

March 11, 1968.

Norman H. Anderson, Atty. Gen., Gary
G. Sprick, Asst. Atty. Gen., Jefferson City,
for respondent.

Russell T. Keyes, Jefferson City, for appellant.

DONNELLY, Judge.

Defendant, Jerry Croney, was convicted of escaping from a State institution, in which he was lawfully confined, under § 557.351 (Added Laws 1959, H.B. No. 10, § 1, as amended Laws 1961, p. 331, § 1), by a jury in the Circuit Court of Cole County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V.A.M.S. (as amended Laws 1959, S.B. 117), was assessed at imprisonment in the custody of the State Department of Corrections for a term of two years and six months. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court. We affirm.

According to the evidence, defendant, on July 14, 1965, was sentenced in the Circuit Court of Howell County, Missouri, to serve five years "in an institution to be designated by the Department of Corrections of the State of Missouri in accordance with law * * *."

Raymond Morgan, an employee at Missouri State Penitentiary, was in charge of the "Auxiliary prison, Church Farm," on November 12, 1966. He testified that he saw defendant around 8:45 p. m., on said date, "standing by a pool table, him and some more inmates." Morgan testified that "a head count of all inmates in the dormitory" was taken at 10:45 p. m. the same evening and that defendant was not in his cell and was not in the dormitory. The Church Farm grounds were searched and defendant was not found.

Orval Turner, Transportation Officer for the Department of Corrections, testified that, on December 13, 1966, he was directed to go to West Plains, Missouri, where he found defendant in the Howell County jail. Turner returned defendant to the Department of Corrections.

Defendant testified, in part, as follows:

"Q (by Mr. Kinder) Mr. Croney, you testified on direct examination that you walked out of the Church Farm; is that right sir? A Yes.

"Q Through unlocked doors? A Yes, sir.

"Q That you didn't break any doors? A Yes.

"Q Is that correct? A Yes.

"Q You were confined at the Church Farm, weren't you?

"MR. KEYES: I object to that, there is no testimony on his part that he was confined.

"MR. KINDER: I differ with that, Your Honor.

"THE COURT: Overruled.

"THE WITNESS: I was there.

"MR. KINDER: Your Honor, will you instruct the witness to answer my question?

"THE COURT: He said he was there.

"Q (by Mr. Kinder) You had been there, you say, twelve days? A Approximately.

"Q What were you doing there?

"A Serving a sentence."
    *      *      *      *      *      *

"Q (by Mr. Kinder) You were, in fact, lodged at the Church Farm; were you a prisoner there, and did you walk away from there—didn't you? A Yes.

"Q And you did make your way from Cole County, Missouri, to Howell County, Missouri; isn't that a fact? A Yes."

■ Defendant first contends that the confinement in the "auxiliary prison" from which he escaped is "not shown by proper evidence in this case to be a lawful confinement under the statute under which the Defendant was charged." The alleged defect is that there is no evidence of a for-

mal order of commitment of defendant by the Department of Corrections to the Church Farm. A formal act of designation to the Church Farm was not required. State v. Gooch, Mo.Sup., 420 S.W.2d 283, 286, 287 [5]. The evidence shows defendant had not been paroled or discharged and was lawfully confined when he escaped. The point is without merit.

Defendant next contends the information is insufficient because it "does not say where he was imprisoned" and "does not say for what offense or alleged offense or offenses the Defendant was confined." The information reads, in part, as follows:

"That Jerry Croney was duly convicted in the Circuit Court of Howell County, Missouri, of the crime of Burglary and Larceny (5 charges), an offense punishable by imprisonment in the penitentiary, and in accordance with said conviction, Jerry Croney, on the 14th day of July, 1965, did receive from the said Court ten five-year concurrent sentences, and in accordance with said judgment and sentence, he was duly imprisoned.

"That thereafter on the 12th day of November, 1966, at Cole County, Missouri, the defendant, Jerry Croney, was lawfully confined in the auxiliary prison, an institution under the control of the State Department of Corrections of the State of Missouri, and the said Jerry Croney did on the 12th of November, 1966, unlawfully and feloniously escape therefrom and go at large, against the peace and dignity of the State."

■ We hold the information sufficient. It alleges all essential elements of the crime sought to be charged under § 557.351, supra, and fully informed defendant of the nature of the accusation made against him. State v. Martin, Mo.Sup., 395 S.W.2d 97, 100, 101.

■ Defendant next contends that the trial court erred with reference to a claimed defense of double jeopardy. He urges that, in failing to instruct as to double jeopardy,

the trial court failed to instruct "on the whole law of the case." The trial court excluded evidence offered by defendant to show that after the escape, and his return to the penitentiary, he was placed in solitary confinement as punishment for the escape. See § 216.450, RSMo 1959, V.A.M.S., and § 216.455, RSMo 1959, V.A.M.S. (As amended Laws 1963, p. 390, § 1). He reasons that, having once been punished for the escape, he is being " * * * put again in jeopardy of life or liberty for the same offense, * * *." Art. I, § 19, Const. of Mo., 1945, V.A.M.S. Defendant's contention is without merit. Punishment by the warden or superintendent of a correctional institution for a violation of its rules involves the exercise of an administrative function, not a judicial function, and does not place a defendant in jeopardy within the constitutional sense. It constitutes no defense to the charge of escape. The trial court did not err. People v. Huntley, 112 Mich. 569, 71 N.W. 178; State v. Cahill, 196 Iowa 486, 194 N.W. 191; People v. Conson, 72 Cal.App. 509, 237 P. 799; State v. Doolittle, 22 Conn.Sup. 32; 158 A.2d 858.

Defendant next contends that the trial court "erred in refusing to strike for cause from the jury panel prospective jurors who upon examination by counsel disclosed that they were employees of the State of Missouri, the plaintiff in this cause." Art. I, § 18(a), Const. of Mo., 1945, guarantees that in criminal prosecutions the accused shall have the right to trial by an *impartial jury* of the county.

■ The first question is whether a prospective juror is disqualified *per se* because he is an employee of the State. Section 494.031, RSMo 1959, V.A.M.S. (Added Laws of 1959, S.B. No. 246, § 1), provides that any "officer or employee of the executive, legislative or judicial departments of the federal, state, county or city government who is actively engaged in the performance of his duties" is *entitled to be excused* from jury service. Section 494.020 RSMo 1959, V.A.M.S. (As amended Laws

1959, S.B. No. 246, § 1; Laws 1965, p. 654, § 1), which *disqualifies* persons from jury service, does not refer to employees of the State. We hold that a prospective juror is not disqualified *per se* because he is an employee of the State. See 31 Am.Jur., Jury, § 204; and Annotation 93 L.Ed. 203, 204.

The next question is whether the trial judge abused his discretion, under the facts, in refusing to strike from the jury panel prospective jurors who were employees of the State. The record in this regard reads as follows:

"MR. KEYES: I notice that Mr. Young is a Highway Department employee, Mr. Renkemeyer is a retired Highway Department employee, the husband of Mrs. Jones works in the Motor Vehicle Department of the State of Missouri, that Miss Minnie Jones works for Workmen's Compensation, State of Missouri, Mr. Scott for the Department of Education, Mr. Sundermeyer in construction work at the Capitol, Mr. Stine State Purchasing Office, and that Mrs. Hagner's husband works at the Missouri State Penitentiary.

"I want to challenge each of these for cause as being employees of the State of Missouri, the State of Missouri being the plaintiff in this case.

"THE COURT: Overruled, except as to Mrs. Hagner.

"MR. KINDER: I don't think she ought to sit on the jury if her husband is employed at the Missouri State Penitentiary.

"THE COURT: Mrs. Hagner, you are excused now, until Friday, February 24, at 9:00, a. m.

"Call another juror."

■ "The trial court has considerable discretion in ruling on challenges of jurors who are not disqualified as a matter of law, * * *." State v. Spica, Mo.Sup., 389 S.W.2d 35, 41. We find nothing in the record to support a conclusion that the trial court abused its discretion. The point is without merit.

■ Defendant next contends that he cannot be found guilty of escape because his confinement was illegal. At the time of trial for escape, there was pending in the Circuit Court of Howell County a motion filed by defendant, under S.Ct. Rule 27.26, to vacate the sentences imposed for burglary and stealing. Defendant urges that the burglary and stealing cases "against him under which he was allegedly sentenced and sent to the penitentiary had not been finally determined, and therefore the imprisonment in the penitentiary under the alleged sentence in such cases was invalid." The following statement from State v. Hart, Mo.Sup., 411 S.W.2d 143, at 147 and 148, is appropriate here: "* * While there are authorities indicating that one charged with escape may defend by showing that he was not lawfully imprisoned, we are inclined to approve the statement that 'where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels, even though he might be able to show such defects in the procedure by which he was arrested, tried, sentenced, committed, or imprisoned as to justify or require his release on appeal or habeas corpus.' 70 A.L.R.2d 1437." See also State v. King, Mo.Sup., 372 S.W.2d 857, 859; and State v. Pace, Mo.Sup., 402 S.W.2d 351. The defendant had no right to determine for himself the validity of the sentences under which he was confined. The point is without merit.

Defendant finally contends that the trial court "erred in admitting copies of judgments of alleged former convictions without there having been admitted the judgment of another alleged former conviction upon which the ones admitted in evidence were predicated."

■ The evidence adduced was necessary to show that defendant was lawfully

# 69

confined before the escape. State v. Martin, supra, 395 S.W.2d 97, 101. The judgments in evidence referred to separate, independent offenses, each sufficient to show a lawful confinement. The point is without merit.

An examination of the record as required by Rule 28.02, V.A.M.R., discloses no error. The judgment is affirmed.

All of the Judges concur.