**STATE of Iowa, Appellee,**

v.

**William I. DAVIS, Appellant-Applicant.**

**No. 60964.**

Supreme Court of Iowa.

Nov. 22, 1978.

C. J. Krogmeier of Deitchler, Thomas, Saunders, Krogmeier & Humphrey, Fort Madison, for appellant-applicant.

Richard C. Turner, Atty. Gen., Ray W. Sullins, Lona J. Hansen, Joseph S. Beck and Richard A. Williams, Asst. Attys. Gen. and James P. Hoffman, Lee County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and LARSON, JJ.

REYNOLDSON, Chief Justice.

This appeal involves the legal issue whether a Fort Madison penitentiary prisoner who without authority fails to return to a designated place within the prison walls commits the crime of escape as defined by § 745.1, The Code 1975.

Defendant was tried and convicted of the crime of escape under § 745.1. The judgment was affirmed by a divided Iowa Court of Appeals. Upon further review we vacate the court of appeals decision and reverse the district court judgment entered on defendant's conviction.

There is no real controversy about the operative facts. Defendant was assigned to cell house seventeen. He was authorized to be absent from his cell until 6 p. m. each day.

Sometime during the afternoon of March 26, 1977, defendant put a dummy in his bed, draped a blanket over part of the bars, turned on his television, and left the cell. He did not return to his cell at 6 p. m. for evening lockup and "count" as prison rules required. During the count the dummy was discovered, as was the absence of two other prisoners. Following a search defendant and his two companions were found drinking liquor in the prison library. It had been closed to inmates at 5 p. m.

Defendant was charged by information with escape in violation of § 745.1 and conspiracy to commit escape in violation of § 719.1. The conspiracy count was ordered

withdrawn after the State rested its case and is not in issue here.

In motions to direct a verdict and objections to instructions, defendant asserted his activities did not violate § 745.1 as a matter of law. Stripped of terms not relevant here, this statute provides:

> If any person committed to the penitentiary * * * shall escape from or leave without due authority any building, * * * or any place whatsoever in which he is placed or to which he is directed to go or in which he is allowed to be * * * whether inside or outside of the prison walls, he shall be deemed guilty of an escape from said penitentiary * * *.

Trial court overruled defendant's motions and allowed the case to go to the jury under an instruction which permitted them to find, *inter alia*, that "Defendant did escape [from the Iowa State Penitentiary] by leaving Cellhouse 17, a place where he was directed to go and in which he was allowed to be."

On appeal defendant asserts his directed verdict motion should have been granted because there was not adduced substantial evidence in support of the charge against him. He also contends the instructions were erroneous because there was no substantial evidence upon which the jury could have found he left without authority any place in which he was placed or allowed to be or to which he was directed to go.

■ I. We have already noted the operative facts and inferences are not controverted in this unusual case. Where the issue on appeal is not one of fact but rather one of statutory interpretation and application, the supreme court is not bound by trial court's determinations of law. See *Estate of Dieleman v. Department of Revenue*, 222 N.W.2d 459, 460 (Iowa 1974); *City of Spencer v. Hawkeye Security Ins. Co.*, 216 N.W.2d 406, 408 (Iowa 1974).

■ In exploring the reach of § 745.1 we are examining a penal statute. In *Knight v. Iowa District Court*, 269 N.W.2d 430, 432 (Iowa 1978), the court said:

[A]n act penal in nature, generally one which imposes punishment for an offense committed against the state, is interpreted strictly. *State ex rel. Turner v. Koscot Interplanetary, Inc.*, 191 N.W.2d 624, 629 (Iowa 1971). Doubts are resolved in favor of the accused. *State v. Lawr*, 263 N.W.2d 747, 750 (Iowa 1978).

Penal statutes will not be held to include charges plainly without the fair scope and intendment of the language of the statute, even though within its reason and policy. *State v. Kool*, 212 N.W.2d 518, 520 (Iowa 1973).

II. Defendant argues his admitted activities, while violating prison rules which subject him to appropriate discipline, simply do not fall within the legislature's § 745.1 definition of escape. He relies on our cases holding *unauthorized departure* is the gravamen of the offense, specifically *State v. Horstman*, 218 N.W.2d 604, 605 (Iowa 1974), and *State v. Gowins*, 211 N.W.2d 302, 306 (Iowa 1973), and points out that at the time he left cell house seventeen his departure was not unauthorized but was clearly permitted by prison rules. In the language of the statute, he asserts he did not "leave without due authority."

State argues this is not the question, that the real issue is: "Did [defendant] have authority to be absent from his cell at the time the guards found him missing?" It quotes from *State v. Cahill*, 196 Iowa 486, 489, 194 N.W. 191, 193 (1923), the statement that "[t]he statute is disciplinary in its nature, and the severe penalty for its violation was evidently designed to deter prisoners from breaking the rules of the prison and to aid the authorities in the enforcement of reasonable and necessary prison rules." From this the State, following a Michigan Court of Appeals decision, argues for an expanded interpretation of the statutory definition: A prisoner escapes "if he removes himself from the imposed restraint over his person and volition." *People v. Quintero*, 67 Mich.App. 481, 482–83, 241 N.W.2d 251, 252 (1976), quoting from *People v. Richards*, 247 Mich. 608, 612, 226 N.W. 651, 653 (1929) (Wiest, J., dissenting). This

theory was adopted by the court of appeals majority.

■ While the question is close, we are convinced § 745.1, when strictly construed as required, cannot be stretched to cover defendant's activity in this case. There is nothing in the statute which would put defendant on notice an unauthorized failure to *return* would be encompassed within the "*escape* from or *leave* without due authority" language (emphasis supplied). We are required to resolve any doubt as to the statute's coverage in favor of defendant.

The problem is pointed up by trial court's previously noted instruction which permitted the jury to convict defendant if it found he "did escape * * * by leaving Cellhouse 17, a place where he was directed to go and in which he was allowed to be." Omitted was the statutory clause "without due authority." Defendant timely excepted to this instruction. The instruction failed to follow § 745.1. But before instructions trial court should have directed a verdict because there was no substantial evidence defendant *left* his cell without authority.

Several other Iowa statutes demonstrate the legislature knew how to frame statutes to punish an unauthorized failure to return. See § 356.36 ("Any person who fails to return to said jail after the hours of release * * *."); § 247A.6 ("Any inmate released from actual confinement under a work release plan who willfully fails to return to the designated place for housing at the time specified in the plan * * *.") The new Iowa Criminal Code, not applicable here, plainly describes the offense the State would have us find in § 745.1:

§ 719.4 ESCAPE FROM CUSTODY.

* * * * * *

3. Any person who has been committed to any institution under the control of the division of adult corrections, or to any jail or correctional institution, who knowingly and voluntarily absents himself or herself from any place where the person is required to be, commits a serious misdemeanor.

The full text of new § 719.4 impresses us as an overhaul of the law of escape, replacing several repealed statutes. We do not consider § 719.4 as a mere clarification of the law existing at the critical time in this controversy. Compare *State ex rel. Clemens v. ToNeCa, Inc.*, 265 N.W.2d 909, 913 (Iowa 1978), with *Barnett v. Durant Community School Dist.*, 249 N.W.2d 626, 629–30 (Iowa 1977).

The State relies on *State v. Eads*, 234 N.W.2d 108 (Iowa 1975), but that case is distinguishable. The prisoner in *Eads* was charged not with a violation of § 745.1 (escape from prison), but of § 745.8 (escape from jail). He failed to return to the county jail following work release. Section 356.-26 specifically provided a county jail prisoner on work release remains "in the legal custody of the sheriff." Section 356.36 contained a reference to § 745.8 and the above-noted failure-to-return-to-jail language. We interpreted § 356.36 to mean either a charge of contempt or escape under § 745.8 might lie, depending on the circumstances in a given case. Section 745.8, unlike § 745.1, carried an additional provision to reach a prisoner who escaped "from the custody of the officer charged with his keeping." The *Eads* decision thus turned on the issue of custody under § 745.8 language not available here. It does not control our determination in this case.

While defendant's conduct violated prison rules, it did not violate § 745.1. Trial court should have directed a verdict for defendant.

We vacate the court of appeals decision and reverse the judgment entered in district court.

DECISION OF COURT OF APPEALS VACATED; REVERSED.