**Clarence BRYANT, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 64515.**

Supreme Court of Iowa.

Aug. 26, 1981.

C. J. Krogmeier of Deitchler, Thomas, Saunders, Krogmeier, Humphrey & Johnson, Fort Madison, for appellant.

Thomas J. Miller, Atty. Gen., Mark R. Schuling, Asst. Atty. Gen., and Michael P. Short, Lee County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

In this appeal from an order denying postconviction relief we pass upon the effect, on a judgment and sentence, of a subsequent change in the interpretation of a statute.

The facts of the case parallel those recited in *State v. Davis*, 271 N.W.2d 693 (Iowa 1978). On the afternoon of March 26, 1977, three inmates of the penitentiary, present applicant Clarence Bryant, William I. Davis, and another man, left their cells and went elsewhere within the penitentiary. They were authorized to be absent from their cells until 6:00 p. m. They did not return to their cells by that hour and were found later in the evening drinking liquor in the prison library. At that time our statute provided so far as relevant in section 745.1, The Code 1977:

> If any person committed to the penitentiary . . . shall escape from or leave without due authority any building . . . or any place whatsoever in which he is placed or to which he is directed to go or in which he is allowed to be . . . whether inside or outside of the prison walls, he shall be deemed guilty of an escape from said penitentiary. . . .

The county attorney charged Bryant in two counts with conspiracy to escape and escape. At the close of the State's evidence in the criminal trial on those charges, Bryant moved for a directed verdict on both counts. *See* Iowa R.Crim.P. 18(10)(*a*). The trial court overruled the motion.

The jury found defendant guilty on both counts, and the court sentenced him for conspiracy to three years with probation and for escape to five years to commence at the end of his then existing sentence.

Bryant desired to appeal and asked for different counsel, which the district court provided him. The new attorney obtained a reporter's transcript of the trial and, after examining it and the other documents, concluded that an appeal would be frivolous. He therefore moved this court for permission to withdraw from the appeal and so notified Bryant, telling him to communicate with this court if he objected. *See* Iowa R.App.P. 104. Bryant did not communicate with this court, and we granted the motion and dismissed the appeal. The dismissal occurred before we heard the appeal in the prosecution of Davis, which we will subsequently chronicle.

Meantime, the county attorney charged Davis with the same crimes. At his trial, Davis made motions to direct a verdict. The district court dismissed the charge of conspiracy for want of substantial evidence, but overruled the motions as to escape. The jury found Davis guilty on that count and the court sentenced him. He then appealed.

In this court, Davis contended as he had in district court that section 745.1 required proof he *left* his cell without authority, whereas in fact he did not do so because he had permission to be out of the cell until six o'clock. The Iowa Court of Appeals divided three-to-two in rejecting this claim and in upholding the district court's view of the statute. On further review, this court reversed. Applying the principle that criminal statutes are strictly construed, we held the State had to prove, but did not prove, that Davis *left* his cell without authority.

Davis' success on appeal reactivated Bryant, who again requested and obtained counsel. His new counsel commenced and presented the instant postconviction proceeding. The trial court in this proceeding rejected Bryant's claims, and Bryant appealed. In this court Bryant asserts that (1) the trial court made insufficient findings and conclusions in the present postconviction proceeding, (2) this court's rule-104 dismissal of Bryant's prior appeal did not adjudicate his present claims, and (3) the evidence was insufficient at the criminal trial to establish conspiracy or escape.

I. We have little difficulty with Bryant's first two contentions. The findings and conclusions were sufficient under *Rheuport v. State*, 238 N.W.2d 770, 777 (Iowa 1976), and we may assume without deciding that our rule-104 dismissal did not adjudicate the merits of the criminal case. *But see Snyder v. State*, 262 N.W.2d 574, 578 (Iowa 1978). Bryant's third contention is the principal one.

II. Bryant advances his third contention in terms of insufficiency of evidence to establish conspiracy and escape. For purposes of our consideration, we will assume that Bryant's motion for directed verdict was renewed at the end of the evidence.

A. Viewing the record in the light most favorable to the guilty verdict on the conspiracy count, *State v. Poyner*, 306 N.W.2d 716, 718 (Iowa 1981), the evidence generated a jury question on conspiracy to escape outside the prison. Bryant's third contention is not well taken as to that count.

B. Bryant also asserts that the evidence was insufficient as to the escape count. He misses the point. The point is not the sufficiency of the evidence, but the interpretation to be given section 745.1. *Cf. State v. Oldfather*, 306 N.W.2d 760 (Iowa 1981) (distinction between sufficiency of evidence and interpretation of statute). True, under the interpretation of section 745.1 by this court in *Davis*, the evidence in Bryant's criminal case was insufficient to convict him. But under the interpretation of the section by the trial court in Bryant's own case—as well as by the prosecutor and two defense counsel in that case and also by the prosecutor, the trial court, and the Court of Appeals in the *Davis* case—the evidence in Bryant's case was not only sufficient to convict him, it was overwhelming. Thus as in *Oldfather*, the issue actually relates to the interpretation of section 745.1.

As we now know from *Davis*, the trial court in Bryant's criminal case misinterpreted section 745.1. The present obstacle in Bryant's path is that he did not raise that question in his criminal case. His motion for a directed verdict did not assert the point decided in *Davis*; it asserted that "the defendant was within the confines of the state penitentiary and under the control and supervision of the institution itself"— an assertion which has not constituted a defense to escape since *State v. Cahill*, 196 Iowa 486, 194 N.W. 191 (1923). Thus the motion Bryant did make was not good. He made no motion in or after his criminal trial asserting the point involved in *Davis*. Nor did his new counsel on appeal in that case raise the *Davis* point. The rule-104 motion did not mention the point subsequently decided in *Davis* and, if it had, the record before this court showed that the point had not been preserved for appeal in Bryant's criminal case.

Bryant might be entitled to relief in this situation if he had not had competent counsel in his criminal trial or appeal, but he makes no such claim before us. He states in his brief:

> While it is possible that different attorneys do take different approaches and may have more imaginative ways of defending a case, it is not our position here that attorneys Hutcheson or Lawse were somehow delinquent in not raising a theory that had not yet been decided by any appellate court. The district court found that they acted within the normal range of competency and that issue is not raised in this appeal.

We come down, then, to the crux of the case: if a criminal sentence and judgment against a defendant becomes final under a certain interpretation of a statute, and if the interpretation is subsequently changed in another case so that, if the subsequent interpretation had been applied originally the first defendant could not have been convicted, is that defendant entitled to be discharged in a postconviction proceeding? We answered this question negatively in *Everett v. Brewer*, 215 N.W.2d 244 (Iowa 1974). We adhere to that decision.

AFFIRMED.