**STATE of Missouri, Respondent,**

v.

**Donald James LOOMIS, Appellant.**

**No. WD 32650.**

Missouri Court of Appeals,
Western District.

Jan. 26, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 23, 1982.

Application to Transfer Denied
March 16, 1982.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The defendant Loomis appeals from a conviction of carrying a concealed weapon [§ 571.115, RSMo 1978] and a sentence of imprisonment for three years. There was no motion for new trial and the appeal was out of time. Our review, therefore, is by special order and for plain error only. Rule 29.12(b).

The defendant, then an inmate at a detention center, was discovered in possession of a nine-inch piece of flat steel concealed under the trousers waistband in the course of a routine inspection by a corrections officer. The defendant admitted possession of the steel shank, but that the article belonged to another inmate, and denied any design to use the instrument. The detention center officials promptly placed the defendant in administrative segregation. Then the defendant was transferred to the Missouri State Penitentiary as a result of the incident. Prosecution ensued; the jury found the defendant guilty and the sentence of imprisonment was imposed to run consecutively to the sentence in service.

The defendant contends first, as a matter of plain error, that the criminal adjudication and sentence for the concealed weapon—after the sanction of maximum security imprisonment imposed by the penal authority—constituted a multiple punishment for the same offense in violation of the double jeopardy principle. The transfer of the defendant from the training center to the penitentiary consequent to the weapon discovery was an exercise of an administrative authority, not a prosecution and judicial determination of guilt on an offense charged, so that the sentence on conviction was not a redundant punishment in violation of double jeopardy. *State v. Croney*, 425 S.W.2d 65, 67[3, 4] (Mo.1968).

The defendant contends next that plain error was committed when Corrections Supervisor Morgans—who testified that other shank weapons were found in the possession of other training center inmates—refused to answer the question whether anyone other than the defendant was also prosecuted for such an infraction. We do not fathom

the contention of error as posited. The witness actually did answer. He simply did not recall whether any other inmate had ever been prosecuted for like conduct. Whatever may be the relevance of such testimony to the prosecution of the defendant or what the defendant purports by the contention of error, the witness made response.

The last contention impugns the argument of the prosecution. At the close of the case, the prosecutor pleaded to the jury to return maximum punishment—a five-year term. In that address, the prosecutor warned that a lesser sentence would not discourage other inmates from "packing them and using them [the shanks]"—and that only a maximum punishment "will drive across the point there at the Training Center and will reduce the number of weapons they are carrying." That was the tenor of argument. The prosecutor argued also that the five-year punishment only was condign to "a three-time loser." The text of the argument does not suggest, as the defendant complains, that the defendant "had a history of violence in his institutional record"—contrary to the evidence. That the jury did not heed altogether the imprecations of prosecutor is evident from the return of a three-year sentence—substantially less than the maximum. The absence of the element of prejudice apart, plain error redresses only a manifest injustice. *Cloud v. State*, 507 S.W.2d 667, 669[5] (Mo. App.1974). The argument of the prosecutor was within bounds and did not transgress the fundamental right of the defendant to a fair trial. There was no plain error. *State v. Johnson*, 615 S.W.2d 534, 536[1–3] (Mo. App.1981).

The judgment is affirmed.

All concur.