**STATE of Iowa, Appellant,**

v.

**APPLAUSE VIDEO, INC., a Nebraska Corporation, Appellee.**

No. 88–485.

Supreme Court of Iowa.

Jan. 25, 1989.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., E.A. Westfall, County Atty., and Timothy Markel, Asst. County Atty., for appellant.

Ann N. Butenhof and J. Michael Murray of Berkman, Gordon, Murray & Palda, Cleveland, Ohio, and F.J. Kraschel of Kraschel Law Firm, Council Bluffs, for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

HARRIS, Justice.

There is a gaping void in Iowa's adult pornography statute. Iowa Code section 728.4 (1987) prohibits selling or offering for sale certain hard core pornography. Appealing an adverse ruling, the State asks us to extend the prohibition to the renting of these materials. Because we are without power to do so, we decline. We affirm the trial court.

Defendant Applause Video operates a neighborhood video store which, in a separate room, carries "adult" videotapes for rental purposes. In the present case Applause was charged with violating Iowa Code section 728.4.[1] The prosecution was

---

1. Iowa Code section 728.4 reads in pertinent part:

A person who knowingly sells or offers for sale material depicting [certain listed aberrant

not based on selling the tapes or offering them for sale, at least in the sense of transferring ownership for a consideration. Rather the tapes were rented to the customers.

Applause moved to dismiss on the ground that the statute does not prohibit the renting of videotapes. The district court sustained the motion and the question is before us on the State's appeal from that holding.

I. The correct interpretation of a statute is a question of law for the courts to decide. *State v. Bessenecker*, 404 N.W.2d 134, 136 (Iowa 1987). Scope of review on an action at law is for correction of errors at law. Iowa R.App.P. 4.

The words and phrases used in a statute are to be construed according to the context and the approved usage of the language. Iowa Code § 4.1(2). Criminal statutes are to be interpreted strictly and, if they are subject to different interpretations, the doubt will be resolved in favor of the defendant. *State v. Oldfather*, 306 N.W.2d 760, 764 (Iowa 1981). Penal statutes will not be held to include charges plainly outside the fair scope and intendment of the language of the statute, even though within its reason and policy. *State v. Davis*, 271 N.W.2d 693, 695 (Iowa 1978). We have stated:

> It is the legislature, not the court, which is to define crime and ordain its punishment.... It would be dangerous, indeed, to carry the principle that a case which is within the reason or mischief of a statute is within its provision so far as to punish a crime not enumerated in the statute because it is of equal atrocity or of kindred character with those which are enumerated.

*State v. Nelson*, 178 N.W.2d 434, 437 (Iowa 1970).

II. The United States Supreme Court succinctly traced the historical background of our obscenity laws. In *Smith v. United States*, 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977), the court explained:

> sex acts] ... is guilty of an aggravated misde-

In summary, therefore, we have in Iowa (1) until 1973 state statutes that proscribed generally the dissemination of obscene writings and pictures; (2) the judicial nullification of some of those statutory provisions in that year for reasons of overbreadth and vagueness; (3) the enactment, effective July 1, 1974, of replacement obscenity statutes restricted in their application to dissemination to minors; and (4) the enactment in 1976 of a new Code, effective in 1978, with obscenity provisions [section 728.4], *somewhat limited in scope*, but not restricted in application to dissemination to minors.

*Id.* at 295, 97 S.Ct. at 1761, 52 L.Ed.2d at 331–32 (emphasis added).

III. The State argues strenuously that the legislature intended to proscribe rental of the materials. It points out that it is incongruous, even absurd, to suppose the legislature would undertake to prohibit the sale of obscene materials but at the same time allow persons to profit from their rental. The argument has decided appeal. One is hard-pressed to understand how the legislature would wish to draw a line between two equally repugnant commercial transactions, but it did just that. *See* J. Yeager and R. Carlson, 4 *Iowa Practice* § 633 at 157 (West 1979) (it does not appear that rental of this material is prohibited).

According to the rubric we must search out the legislature's intent as shown by how it worded the statute, not by how it should or might have. Iowa R.App.P. 14(f)(13). Citizens, even those bent on conduct most would consider unacceptable, have a clear right to base a controversial course of conduct on a clear understanding of what the law actually prohibits. Hence a criminal statute must give fair warning of the conduct which it makes a crime. *Bouie v. Columbia*, 378 U.S. 347, 350–51, 84 S.Ct. 1697, 1701, 12 L.Ed.2d 894, 898 (1964). In *Bouie* the Supreme Court stated:

> When a statute on its face is narrow and precise, however, it lulls the potential defendant into a false sense of security,

> meanor.

giving him no reason even to suspect that conduct clearly outside the scope of the statute as written will be retroactively brought within it by an act of judicial construction.

*Id.* at 352, 84 S.Ct. at 1702, 12 L.Ed.2d at 899. To interpret section 728.4 as the State would have us would violate Applause's right of due process.

The trial court correctly concluded that Iowa Code section 728.4 does not prohibit renting the obscene materials, only selling them or offering to.

AFFIRMED.