STATE of Iowa, Appellee,

v.

Cecil Ray BURTLOW, Jr., Appellant.

No. 64423.

Supreme Court of Iowa.

Dec. 17, 1980.

David D. Dunakey of Dunakey & Klatt, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Julie F. Pottorff, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., James C. Bauch and Eric Knoerschild, Asst. County Attys., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE, and LARSON, JJ.

McCORMICK, Justice.

Defendant Cecil Ray Burtlow, Jr., appeals his guilty–plea conviction and sentence for escape in violation of section 719.-4(1), The Code. He contends the record shows the plea lacked a factual basis. We find the factual basis would support conviction of an escape charge under subsection three but not subsection one of section 719.-4. Therefore we reverse and remand.

Defendant was charged by trial information with escape from custody in violation of section 719.4. That statute establishes four escape offenses:

1. A person convicted of a felony, or charged with the commission of a felony, who intentionally escapes from any detention facility or institution to which the person has been committed by reason of such conviction or charge, or from the custody of any public officer or employee to whom the person has been entrusted, commits a class "D" felony.

2. A person convicted or charged with a misdemeanor, who intentionally escapes from any detention facility or institution to which the person has been committed by reason of such conviction or charge, or from the custody of any public officer or employee to whom the person has been entrusted, commits a serious misdemeanor.

3. Any person who has been committed to any institution under the control of the division of adult corrections, or to any jail or correctional institution, who knowingly and voluntarily absents himself or herself from any place where the person is required to be, commits a serious misdemeanor.

4. A person who flees from the state to avoid prosecution for a public offense which is a felony or aggravated misdemeanor commits a class "D" felony.

When the trial information was filed in this case, it did not specify a subsection but did allege the violation was a class "D" felony.

After initially pleading not guilty to the offense, defendant changed his plea to guilty. He entered his plea in writing and orally before the Judge Van Metre. He was represented by different counsel at that time. Although no subsection of the statute was identified during the plea proceeding, the record shows defendant was aware he was pleading guilty to a class "D" felony punishable by an indeterminate five–year sentence and $5000 fine. No mention was made of section 901.8, which requires that a sentence for conviction of escape under section 719.4 be ordered to run at the expiration of any existing sentence. *See State v. Smith*, 291 N.W.2d 25, 28 (Iowa 1980).

The purported factual basis for the plea is undisputed. The minutes attached to the information and the statements in the plea proceeding establish that defendant, while committed on a felony sentence, failed to return to a state work release center after a seven–day furlough. He was arrested in Black Hawk County on the escape charge nine days later.

Defendant entered the guilty plea pursuant to a plea bargain. The State agreed not to file an habitual criminal charge in exchange for the guilty plea.

Defendant waived a presentence report and appeared for sentencing before Judge Klotzbach. At that time, the State moved to amend the information to specify subsection one of section 719.4 as the basis of the charge. Defense counsel stated he had no objection to the amendment because the plea agreement required defendant to plead guilty to that charge. The trial court allowed the amendment. Defendant then waived his right to make a motion in arrest of judgment. *See* Iowa R.Crim.P. 23(3)(b) (1978).

The court and counsel discussed the section 901.8 requirement that the sentence be ordered to begin at the expiration of defendant's existing sentence. Acknowledging this provision, the prosecutor nevertheless joined a request by defense counsel that defendant be given a concurrent sentence. The trial court then sentenced defendant to an indeterminate five–year prison term pursuant to sections 719.4(1) and 902.9. The court ordered the sentence to be

concurrent with defendant's existing sentence.

Defendant appealed. His trial court counsel asked that other counsel be appointed to represent him on appeal and defendant agreed. Present counsel was then appointed.

■ Under the holding in *State v. Gardner*, 274 N.W.2d 328, 329 (Iowa 1979), defendant did not lose his right to appeal by failing to challenge his guilty plea by motion in arrest of judgment. The plea proceedings occurred prior to the effective date of Iowa R.Crim.P. 8(2)(d) and the amendments to Iowa R.Crim.P. 23(3) which require a guilty plea to be challenged by such a motion before it can be attacked on appeal.

■ I. *Validity of the sentence.* Defendant has attacked his conviction rather than his sentence. We cannot overlook, however, the fact that the sentence in this case violated section 901.8. That statute applies to persons "sentenced for escape under section 719.4." Under that provision the sentence was required to be consecutive to the sentence defendant was serving at the time of his alleged escape. *See State v. Jones*, 298 N.W.2d 296 (Iowa 1980). As this court held in construing a similar provision in section 745.1, The Code 1966, the sentencing court has no authority to mitigate the punishment by providing for a concurrent sentence. *See Bernklau v. Bennett*, 162 N.W.2d 432, 436 (Iowa 1968). A sentence which is not authorized by statute is void. *State v. Wiese*, 201 N.W.2d 734, 737 (Iowa 1972). Thus the invalidity is not subject to waiver. *State v. Wilson*, 294 N.W.2d 824 (Iowa 1980).

If defendant's conviction were affirmed, it would be necessary to correct his sentence. However, because the conviction is reversed, it is unnecessary to do so.

■ For the guidance of the trial court after remand, we hold that the consecutive sentence mandate of section 901.8 also applies to sentences for violations of 719.4(3), the provision which we find covers the conduct alleged in the present case. Even though the word "escape" does not appear in subsection three, the crime is plainly an escape offense within the meaning of 901.8. We believe the legislature intended to incorporate all of the offenses under section 719.4 by its reference in section 901.8 to sentences "for escape under section 719.4." *See* Annot., 76 A.L.R.3d 658, 662 (1977).

■ II. *The validity of the conviction.* The validity of defendant's conviction depends on the accuracy of the State's charge against him. The problem in this case does not involve a failure of the State to demonstrate the facts on which it relied. Those facts were fully shown. The only issue is whether those facts would support a conviction of the crime charged. A court cannot accept a guilty plea when a factual basis is not shown. Iowa R.Crim.P. 8(2)(b); *State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980).

Defendant contends the factual basis would support a conviction under subsection three but not subsection one of section 719.-4. The State maintains the charge under subsection one was accurate. This dispute raises a question of statutory interpretation. In relevant part subsection one applies to a person "who intentionally escapes from any detention facility or institution to which the person has been committed . . ., or from the custody of any public officer or employee. . . ." Subsection three applies to a person "who has been committed to any institution under the control of the division of adult corrections . . . who knowingly and voluntarily absents himself or herself from any place where the person is required to be. . . ."

These provisions are part of a complete revision of the law of escape, replacing several repealed statutes. They do not merely clarify or reenact prior law. *State v. Davis*, 271 N.W.2d 693, 696 (Iowa 1978).

The State relies on *State v. Eads*, 234 N.W.2d 108 (Iowa 1975). In that case a prisoner who failed to return to county jail following work release was convicted of escape from jail under section 745.8, The Code 1973 (now repealed). This court affirmed the conviction. Section 745.8 was a

general escape statute which did not delineate separate escape offenses in the manner of present section 719.4. The *Eads* decision was also affected by related statutes which are not involved in the present case. The issue there was whether the prisoner's conduct was proscribed by the general escape statute. Here the conduct is admittedly proscribed by some provision of section 719.-4. The only dispute concerns which provision applies. Therefore *Eads* is not controlling. Similarly, the issue in the present case is not affected by the earlier case of *State v. Kobrock*, 213 N.W.2d 481 (Iowa 1973).

Subsection one of section 719.4 obviously applies when a person convicted or charged with a felony intentionally departs without authority from a detention facility or institution to which the person has been committed on the conviction or charge. This is true whether the departure is accomplished through "stealth, guile or violence." 4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 426, at 110 (1979). Subsection three of the statute obviously applies when a prisoner is absent without authority from a place he is required to be, even if he has not left the premises of the institution or detention facility. *Id.*, § 428; *see Davis*, 271 N.W.2d at 696. The present situation falls between these extremes.

Because the statute is penal, it must be strictly construed. Doubts are resolved in favor of the accused. *Davis*, 271 N.W.2d at 695.

As *Eads* demonstrates, a general escape statute is often intended to cover an unauthorized failure to return from a period of temporary release. *See* Annot., 76 A.L.R.3d 658. However, we are not dealing with a general escape statute in this case. Section 719.4 delineates four separate crimes of escape, and we must decide which offense covers the conduct alleged here.

The fact that the legislature delineated separate escape offenses is some indication it did not intend subsection one to embrace all offenses which might constitute escape under a general escape statute. Furthermore, when the nature of a prisoner furlough is examined, the conduct alleged in the present case fits more readily under subsection three than under subsection one. The commissioner of social services is authorized to establish a furlough program by section 217.14(7). Under such a program, inmates who are "confined" may be "temporarily released." The authority to establish a state work release program is granted in chapter 247A. In implementing sections 217.14(7) and chapter 247A, the commissioner has adopted a furlough program. *See* 770 I.A.C. § 24.3. The program includes specific regulations governing the conditions under which furloughs may be granted, their purpose, and their duration. *Id.* Thus a furlough is an authorized temporary release from confinement in a correctional institution which is conditioned upon compliance with its terms. One of those terms is the duty to return when the furlough terminates. A person who knowingly and voluntarily fails to return to the facility when required to do so "absents himself or herself from [a] place where the person is required to be" within the meaning of section 719.4(3). *See* 4 J. Yeager and R. Carlson, *supra*, § 428 ("[Subsection three] can apply to trustees, persons on work release programs, and the like, who are not being held physically in confinement and whose actions do not constitute a breach of any physical restraint, but violate the conditions upon which they have been granted a limited liberty.").

We believe subsection one is intended to apply unauthorized departures from physical restraint. In those cases a danger of injury to persons or property exists. When the offense is a mere failure to return from an authorized release, no such danger exists. It is reasonable to conclude the legislature intended to punish breaches of physical restraint more severely.

With the applicable principles of statutory interpretation in mind, we find that the facts alleged by the State in this case come within subsection three rather than subsection one of the statute. There-

fore defendant's conviction lacks a factual basis.

The mere failure of the record to show a factual basis for a guilty plea does not require that a conviction be set aside. The judgment is vacated and the case is remanded to permit the State to attempt to make the necessary showing. *See Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616, 620 (1974). However, the present case involves more than a failure to show a factual basis for the conviction. The record shows a factual basis which, as a matter of law, excludes the possibility of conviction on the charge to which the defendant pled guilty. Therefore the conviction itself must be set aside. Unless the charge is changed to the correct one, the case must then proceed to conclusion on the not guilty plea previously entered by defendant. *See State v. Randall*, 258 N.W.2d 359, 362 (Iowa 1977). If the charge is corrected, defendant may enter such plea as he desires.

We reverse and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.