**IN THE COURT OF APPEALS OF IOWA**

No. 13-1065
Filed April 16, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ROBERT MARIC,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer (plea) and Bradley J. Harris (sentencing), Judges.

A defendant contends the criminal mischief charge to which he pled guilty lacked a factual basis and his attorney was ineffective in allowing him to enter a plea to that charge. **JUDGMENT FOR FELON IN POSSESSION AFFIRMED, JUDGMENT FOR CRIMINAL MISCHIEF VACATED, SENTENCE VACATED, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and James Katcher, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

Robert Maric entered *Alford*[1] pleas to being a felon in possession of a firearm and fourth-degree criminal mischief. The charges were based on the discovery of a shotgun in his apartment and what appeared to be gun-related damage to a building across the street. On appeal, Maric contends the criminal mischief charge lacked a factual basis and his attorney was ineffective in allowing him to enter a plea to that charge. He also asserts that the district court abused its discretion in sentencing him to prison.

### I.    Factual Basis

An *Alford* plea, like other pleas, must be supported by a factual basis. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999); *see also* Iowa R. Crim. P. 2.8(2)(b). An attorney who fails to file a motion in arrest of judgment challenging a plea that lacks a factual basis breaches an essential duty to the client, and prejudice is presumed. *State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove the breach of an essential duty and prejudice). The record is adequate to address this claim on direct appeal. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011).

"Any damage, defacing, alteration, or destruction of property is criminal mischief when done intentionally by one who has no right to so act." Iowa Code § 716.1 (2011). Maric contends there is no indication in the record that he "fired the shotgun and

---

[1] An *Alford* plea allows a defendant to consent to the imposition of prison sentence without admitting participation in the acts constituting the crime. *North Carolina v. Alford,* 400 U.S. 25, 37 (1970).

damaged the neighboring building" or that he "did so with the specific intent to damage the building." We agree.

The minutes of testimony reveal that officers discovered Maric lying in a yard and speaking incoherently. They went to his apartment to perform a "welfare check" and discovered that the front door was open. Inside, they found a shotgun and two shotgun shells. They also found holes in a window and wall, and dents in the building across the street that appeared to have been created by shotgun pellets.

Nothing in the minutes indicates Maric was the person who fired the shotgun, nor can we infer he was the shooter from the location of the gun, given the fact the apartment door was open.

Notably, Maric denied he fired the gun. When the district court asked him,

> With respect to the second count, do you believe that if you took this case to trial, and if the jury chose to believe the witnesses of the State—in other words, the police officers and the other people involved—if the jury chose to believe them rather than what you would have to say, that the jury could find that you intentionally damaged some property?

Maric responded, "No, because it wasn't me who fired it, the shotgun." While he later acknowledged it was "possible" the jury could find he fired the gun, there is simply nothing to indicate he did. Absent information establishing Maric fired the shotgun, he could not have had the specific intent to damage the building across the street.

The criminal mischief judgment is vacated, and the case is remanded to give the State an opportunity to establish a factual basis. *See State v. Burtlow*, 299 N.W.2d 665, 670 (Iowa 1980) (noting in some cases conviction need not be set aside and stating, "The judgment is vacated and the case is remanded to permit the State to attempt to make the necessary showing."). The criminal mischief sentence is also vacated. *See*

*Schminkey*, 597 N.W.2d at 792. Because the reasons for that sentence were used to support the reasons for the sentence on the felon-in-possession count, we vacate the entire sentence and remand for resentencing. *Cf. State v. Mai,* 572 N.W.2d 168, 170 (Iowa Ct. App. 1997) ("Where an improper sentence is severable this court may strike invalid portions of the sentence without disturbing the remainder and remand for appropriate action in the district court.").

## II.    Disposition

We affirm Maric's conviction for being a felon in possession of a firearm. We vacate the criminal mischief judgment and remand to allow the State to supplement the record to establish a factual basis for the crime. If a factual basis for the criminal mischief charge is not shown, the plea would have to be set aside. *See Burtlow*, 299 N.W.2d at 670. We vacate the entire sentence and remand for resentencing. In light of our conclusion, we need not address Maric's alternate assertion that the district court abused its discretion in sentencing him to prison.

**JUDGMENT FOR FELON IN POSSESSION AFFIRMED, JUDGMENT FOR CRIMINAL MISCHIEF VACATED, SENTENCE VACATED, AND REMANDED.**