**IN THE COURT OF APPEALS OF IOWA**

No. 13-0827
Filed November 13, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CHAD EDWARD BERRY,**
      Defendant-Appellant.
_____


Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.


Chad Berry appeals his guilty-plea conviction and sentence for escape in violation of Iowa Code section 719.4(2) (2013). **REVERSED AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Michael K. Jacobsen, County Attorney, and Kelly T. Bennett, Assistant County Attorney, for appellee.


Considered by Vaitheswaran, P.J., McDonald, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**VAITHESWARAN, P.J.**

After his conviction for certain crimes, Chad Berry entered a work release program. Berry left his work place without permission and the State charged him with escape, in violation of Iowa Code section 719.4(2) (2013). Berry pled guilty as charged and the district court imposed sentence.

On appeal, Berry contends the plea lacked a factual basis and his plea attorney was ineffective in allowing him to enter it. The State concedes "there was no factual basis for the defendant's plea of guilty to the charge of escape from custody, because he was not physically restrained or subject to immediate physical restraint when he was away from [his work place]." Accordingly, the State agrees Berry's attorney "rendered ineffective assistance by allowing him to enter the plea" and "[p]rejudice is inherent under the circumstances." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth elements of ineffective-assistance-of-counsel claim).

The only remaining question is the remedy. The State asserts "the record available to the district court at the time of the defendant's guilty plea" provided a factual basis for the lesser-included offense of absence from custody under section 719.4(3). The State asks the court to remand the case for entry of an amended judgment of conviction on the lesser-included offense.

The State's proposed remedy has been invoked where a jury received instructions on greater and lesser-included offenses and the jury found the defendant guilty of the greater offense and, "[i]n so doing, . . . necessarily found that the State had established all elements of the included offense." *State v. Morris*, 677 N.W.2d 787, 788-89 (Iowa 2004); *accord State v. Pace*, 602 N.W.2d

764, 774 (Iowa 1999); *State v. Lampman*, 342 N.W.2d 77, 81 (Iowa Ct. App. 1983). The remedy has not been used in the guilty plea context. *See State v. Williams*, No. 04-0061, 2004 WL 1899957, at *3 (Iowa Ct. App. Aug. 26, 2004) ("Williams does not cite nor do we find any controlling Iowa authority allowing a sentence to be imposed for a lesser-included offense based on a guilty plea to a greater offense."). In this context, *State v. Burtlow*, 299 N.W.2d 665, 670 (Iowa 1980), is instructive.

As with this case, the court in *Burtlow* was asked to decide whether there was a factual basis for a plea to escape. The court found "the facts alleged by the State . . . c[a]me within subsection three rather than subsection one of the [escape] statute." *Burtlow*, 299 N.W.2d at 669. The court concluded the "conviction itself" had to be set aside because the record showed "a factual basis which, as a matter of law, exclude[d] the possibility of conviction on the charge to which the defendant pled guilty." *Id.* at 670. The court reversed and remanded to allow the case to proceed to conclusion on a previously-entered not guilty plea, unless the State amended the charge to the correct one. *Id.*

Since *Burtlow*, the court has required dismissal of the charge where the record reveals a defendant was charged with the wrong crime. *See State v. Galbreath*, 525 N.W.2d 424, 427 (Iowa 1994). Dismissal is subject to the State's right to charge the correct offense. *Id.*

Berry was charged with the wrong crime. Accordingly, we reverse and remand for dismissal of the charge of escape under Iowa Code section 719.4(2), subject to the State's right to charge a different offense.

**REVERSED AND REMANDED.**