# IN THE COURT OF APPEALS OF IOWA

No. 14-1525
Filed May 20, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMIAH JOSEPH WISMER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Jeremiah J. Wismer appeals following his plea of guilty to possession of a controlled substance without a prescription. **SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Stephen Holmes, County Attorney, and Keisha F. Cretsinger, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

Jeremiah J. Wismer appeals following his plea of guilty to possession of a controlled substance without a prescription. Because the record before us does not contain a factual basis for the conviction, we vacate the sentence imposed and remand for further proceedings.

The minutes of testimony alleged: On June 22, 2014, law enforcement officers observed Wismer trying to conceal four peach colored pills by placing them under a large green trash can. The pills were ultimately identified as "Alprazolam .5 mg" (Xanax), which requires a prescription. The minutes do not specify whether Wismer had a prescription for the pills.

Wismer's written guilty plea provided:

> 3. I understand that in order for the State to convict me of the charge at trial, it would be necessary for the State to prove beyond a reasonable doubt: that on or about June 22, 2014, in Story County, Iowa, I knowingly possessed a controlled substance *with* having a valid prescription or order of a medical practitioner.
> . . . .
> 13. I did, See No. 3.

(Emphasis added.)

On appeal, Wismer argues the guilty plea record failed to establish a factual basis for an Iowa Code section 124.401(5) (2013) offense, and thus the judgment and sentence should be reversed and this case remanded to the district court for further proceedings. The State contends the written plea contains an obvious typographical error, which we should ignore.

> The district court may not accept a guilty plea without first determining that the plea has a factual basis. *See* Iowa R. Crim. P. [2.8(2)(b)]; *State v. Burtlow*, 299 N.W.2d 665, 668 (Iowa 1980). This requirement exists even where the plea is an *Alford* plea. . . . Where a factual basis for a charge does not exist, and trial counsel

allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty.

*State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) (citation omitted). Where a guilty plea has no factual basis in the record, but it is possible a factual basis could be shown, we vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis. *See id.* at 792.

Wismer is correct in his assertion that the record before us does not provide a factual basis for the conviction—Wismer denied the allegations of the trial information and there is no affirmative statement in this record that Wismer did not have a prescription for the controlled substance. His trial counsel failed to perform an essential duty in allowing the entry of this plea agreement. *See id.* at 788. However, in light of Wismer's statement in the written plea that "I have discussed all possible legal defenses with my attorney and I know of no legal defense to this charge," we vacate the sentence and remand to allow the State an opportunity to establish a factual basis.

**SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**