# IN THE COURT OF APPEALS OF IOWA

No. 17-0263
Filed March 7, 2018

**TYLER L. WHITE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, John G. Linn, Judge.

The applicant appeals the district court decision denying his request for postconviction relief on his convictions for escape and lascivious acts with a child. **AFFIRMED.**

Jacob L. Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Potterfield, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**GOODHUE, Senior Judge.**

Tyler L. White pled guilty to the charge of lascivious acts with a child, and on July 18, 2011, sentence was entered. He did not file a motion in arrest of judgment prior to sentencing, nor did he file an appeal. A second unrelated trial information was filed on July 16, 2012, charging White with escape from the Burlington Residential Correctional Facility. Again he pled guilty and was sentenced on January 28, 2013. No motion in arrest of judgment was filed, and no appeal was taken. On October 12, 2013, White filed a postconviction-relief (PCR) application challenging the escape conviction, and on February 9, 2016, he filed his second application, challenging the lascivious act conviction. Both applications raised ineffective assistance of trial counsel as the sole basis for relief. The two PCR actions were combined for trial, and the trial court, in an extensive and well-written ruling, denied relief in both. White appeals. We affirm.

I. **Factual Background and Prior Proceedings**

*A. Lascivious Acts with a Child Charge*

White's PCR application attacking the lascivious-act plea and conviction is time barred. White admits it is time barred in his brief filed on appeal. PCR applications must be filed within three years from the date of the conviction or, in the event of an appeal, from the date the procedendo was issued. Iowa Code § 822.3 (2016). The sentence on the lascivious-act conviction was entered on July 18, 2011, and the PCR application challenging the judgment and sentence was not filed until February 9, 2016. The violation of the three-year statute of limitations is obvious. No further consideration will be given to White's attack on the lascivious-act plea and conviction.

*B. Escape*

White was being held in the Burlington Residential Correctional Facility, sometimes referred to as a halfway house. The record established that furloughs could be requested and would be granted if the request was determined to be appropriate. The doors to the outside were not locked, and the residents could walk away, but it was clear that to do so would be a violation of the facility's rules. In a sense, the residents were not confined, but they were placed there by a court order, and it was well understood by the rules of the facility they were not to leave without permission. At approximately 11:52 a.m. on July 8, 2012, White left the facility without permission. His departure was recorded by a video monitor. He did not voluntarily return, and it was approximately twelve hours before he was apprehended. His whereabouts were discovered at a location an appreciable distance from the facility. An attempt was made to apprehend him, but there is evidence that he ran.

White maintains his trial counsel was ineffective in the following respects: (1) failing to advise White of or raise the possibility of the defense of necessity; (2) failing to raise a claim of diminished capacity; and (3) failing to argue and convince the prosecutor that the lesser-included charge of absence from custody was the appropriate charge.

II. **Preservation of Error**

Error has been preserved as to each claim. The State does not dispute error preservation as to claims (1) and (3) but contends error was not preserved as to the claim of diminished capacity. White emphasized his condition at the time of the escape during the PCR trial, but White claimed a "zombie" like condition at

the time the plea was entered, and the court specifically concluded that the "transcript of White's guilty plea demonstrates he was competent and capable during the plea proceedings." In general, error is considered preserved when an issue has been raised and ruled on by the trial court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

III. **Standard of Review**

Appeals from the denial of a PCR application are ordinarily reviewed for corrections of law, but a denial of a claim of ineffective assistance of counsel raises constitutional issues, and as such, the review is de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

IV. **Discussion**

To prevail on a claim of ineffective assistance of counsel, the claimant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). A claim of ineffective assistance must overcome the presumption that counsel in competent. *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). An accused is not entitled to a perfect representation but must show that counsel's representation fell outside the normal range of competency. *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000). In reviewing counsel's effectiveness we do not take on the role of a Monday-morning quarterback and review the proceedings with "20-20 hindsight." *Fryer v. State*, 325 N.W.2d 400, 414 (Iowa 1982). For relief to be granted there must be a determination that but for the ineffective assistance of counsel, there is a reasonable probability the result would have been different. *Ledezma*, 626 N.W.2d at 145. Counsel is not ineffective for failing to make a

meritless claim. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). When a conviction is a result of a guilty plea, a claimant must prove a reasonable probability that but for counsel's ineffectiveness the applicant would not have pled guilty but instead have gone to trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

*A. Defense of a Necessity*

White claims one of the officers at the halfway house threatened to hit him in the face. The claimed threat was apparently made because White was either not talking so he could be heard or because he was violating a minor rule of the facility. White claims to have reported what he considered his mistreatment to his probation officer, but the probation officer told him he did not have time to talk about it. The officer that worked for the facility testified that he remembered a lengthy conversation with the probation officer as to White's complaints. White later made an official grievance to the facility but not until the day after he had escaped and had been apprehended. White testified the threat took place from one to two weeks before he walked away.

A limited defense of a necessity is available to a charge of escape. *See State v. Reese*, 272 N.W.2d 863, 866 (Iowa 1978). For such a defense to prevail, under *Reese*, it is necessary for the accused to have been faced with a specific threat with the threatened act to occur in the immediate future so that there was no time for a complaint to authorities or the courts to address the issue. *Id.* Further, the claimant must immediately report to the proper authorities when he has attained a position of safety. *Id.*

The threat to White was not a threat of substantial injury nor was it a threat of an immediate action. The threat happened a week or two before White walked

away and he made no report of the threat until after he had been apprehended. Prior to apprehension, he had reached his aunt's house, where he testified he felt "real safe," but he failed to call the authorities. Instead, he ran several miles to his cousin's residence, where he was chased by authorities and finally apprehended. White's claim would have failed on all three of the requirements mentioned. Counsel is not ineffective for failing to make a meritless claim. *See Brubaker*, 805 N.W.2d at 171. Furthermore, there was no evidence that if White had been aware of the possibility of such a defense, it would have impacted his decision to plead guilty

*B. Diminished Capacity*

To the extent White is claiming diminished capacity should have been pursued as a defense to the charge of escape, we note diminished capacity may be at least a partial defense to a crime that requires specific intent. *See State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986). Escape is not a specific intent crime. *State v. Wharff*, 134 N.W.2d 922, 924-25 (Iowa 1965). Counsel was well aware of the possibility of presenting this defense and obtained a medical examination of White prior to the entry of his plea. Counsel testified the report stated White knew the charges that had been filed and was capable of presenting his defense in a rational way. She further testified the report stated White was in touch with reality, was able to make appropriate decisions, and was aware of the circumstances when the escape took place.

In his appellate brief, White contends he was suffering from diminished capacity at the time the plea was entered. There is very little factual support for the assertion. White testified he had taken a "whole bunch of Seroquel," which

had been prescribed by the medical staff servicing the residential facility. White also testified his family that was present when the plea was entered had told him he looked like a "zombie." During the plea proceeding, White was specifically asked if the medication he was taking had any effect on what he was doing at the time the plea was being entered, and he answered without qualification, "No, sir." He asserted that he knew what he was doing and had entered the plea voluntarily. When he was asked what he had done on July 8, 2012, that caused the charges to be filed he answered, "I left the halfway house without permission." The court interrogated him as to why he was at the halfway house and then asked him, "You further admit that on or about the 8th day of July, 2012, you intentionally left the Burlington Residential Facility without the consent or authority of your custodian?" and he answered, "Yes, sir." The trial court noted that "the transcript of White's guilty plea proceeding demonstrates that he was competent and capable during the plea proceeding." We agree.

Counsel had obviously considered the defense of diminished capacity, obtained a medical evaluation, and determined it would be of no avail. Counsel is not obligated to pursue a meritless claim. *See Brubaker*, 805 N.W.2d at 171.

*C. Failure to Argue for the Lesser Charge of Absence from Custody*

White acknowledges absence of custody was not a lesser-included charge at the time the plea was entered. *See State v. Beeson*, 569 N.W.2d 107, 112 (Iowa 1997). It was determined to be a lesser-included offense a few years after the plea had been entered. *See State v. Miller*, 841 N.W.2d 583, 595 (Iowa 2014). However, White argues it was ineffective assistance of counsel to not argue that absence from custody was the correct charge. White relies primarily on *State v.*

*Burtlow*, 299 N.W.2d 665 (Iowa 1980). In *Burtlow*, the defendant failed to return to a work release center after a seven-day furlough. 299 N.W.2d at 667. It was held that Burtlow could be convicted of absence from custody but not escape. *Id.* at 667-69.

*Burtlow* is easily distinguished. White was not on work release or on a furlough as was Burtlow. White had no initial permission to leave the facility. He had intentionally walked out of a residential facility without permission. White's case involved almost the same factual situation as *State v. Paarmann*, No. 10-0862, 2013 WL 541631, at *1 (Iowa Ct. App. Feb. 13, 2013). In *Paarmann*, escape was held to be the applicable charge. 2013 WL 541631, at *2.

It appears that White is contending his counsel should have been able to convince the county attorney to charge the lesser charge of absence from custody as opposed to escape. This attempt was made by counsel but to no avail. In the final analysis, a prosecutor has the right to exercise discretion in selecting which charge to file when the facts support alternative charges, even though the punishments may vary. *State v. Perry*, 440 N.W.2d 389, 391-92 (Iowa 1989).

## V. **Conclusion**

The trial court's ruling denying Tyler White's postconviction relief is in all respects affirmed.

**AFFIRMED.**