# IN THE COURT OF APPEALS OF IOWA

No. 17-0855
Filed June 6, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TIMOTHY LEE CONWAY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, David N. May, Judge.

Timothy Conway appeals the conviction entered following his *Alford* plea to the charge of possession of a controlled substance, third or subsequent offense. **AFFIRMED.**

John C. Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Timothy Conway appeals the conviction entered following his *Alford* plea[1] to the charge of possession of a controlled substance, third or subsequent offense.

The following facts can be gleaned from the minutes of evidence. On or about January 1, 2017, a vehicle in which Conway was a passenger was stopped by law enforcement officers. In the course of the traffic stop, the driver of the vehicle, Alan Goetz, was taken into custody and another passenger was placed in an assisting police officer's patrol car. Thereafter, Conway was removed from the vehicle, upon which he asked an officer if Goetz had told the officers about any narcotics in the vehicle. The officer responded in the negative and questioned Conway's reasoning for asking. Conway replied he believed there was marijuana inside the vehicle. The officer asked where the marijuana was located, upon which Conway advised the marijuana was located in his seat. The officers subsequently directed their attention to the seat in which Conway was sitting and in plain view observed a large amount of marijuana "loosely shoved into the seat . . . . where the seat bottom met the seat backing."[2] The officers also found a small plastic baggie containing methamphetamine in Conway's seat. Officers questioned Goetz about the substances; he admitted the marijuana was his but denied possession and knowledge of the methamphetamine. Upon questioning, Conway admitted he knew he was sitting on the marijuana, but asserted the marijuana was

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

[2] The minutes do not indicate whether the marijuana was loose or in a baggie.

already in his seat when Goetz picked him up. Conway denied having any knowledge of the presence of the methamphetamine, asserting it was not in his seat when he was picked up by Goetz.

Conway was charged by trial information with possession of a controlled substance, methamphetamine, third or subsequent offense, as a habitual offender. Goetz was charged under the same trial information with possession of a controlled substance, marijuana, second offense. An amended trial information was subsequently filed charging both Conway and Goetz with possession of both marijuana and methamphetamine. A plea agreement was reached under which Conway would plead guilty to possession of marijuana in return for the State's agreement to not seek the habitual-offender enhancement and to recommend an indeterminate term of incarceration not to exceed five years, to run concurrently with a matter for which Conway was on parole.

At the subsequent plea hearing, Conway maintained his innocence but advised the court he found it in his best interests to enter an *Alford* plea and stated his belief that entering the plea was more beneficial than proceeding to trial, noting "I think there's a risk that they could find me guilty. I don't want to take that risk." He also noted his recognition of the benefit he was receiving from the State's agreement to not seek the habitual-offender enhancement, which could carry a term of incarceration of up to fifteen years. Thereafter, defense counsel advised the court that Goetz had previously pled guilty to possession of both the marijuana and the methamphetamine found in the vehicle. Counsel noted his previous discussion with Conway concerning calling Goetz as a witness at trial and using his guilty pleas as a defense. Counsel asked Conway, "And knowing that and the

potential of that defense, do you wish to not pursue that and proceed forward with the *Alford* plea?" The court posed a similar question to Conway: "[J]ust to be clear, even though you've got a co-defendant that has pled guilty to that marijuana, you still believe it's in your best interest to go forward with this *Alford* plea; right?" Conway responded to both questions in the affirmative. Conway stipulated to the court's reliance on the minutes of evidence, pursuant to which the court found an adequate basis for the plea. Conway requested immediate sentencing. The court appropriately advised Conway of his right to file a motion in arrest of judgment to challenge any deficiencies in the guilty-plea proceeding, noting a waiver of such right would bar any appellate challenge to the proceeding. Conway waived his right to file a motion in arrest of judgment, and the court sentenced him in accordance with the terms of the plea agreement.

Conway appeals, contending his plea lacked a factual basis.[3] By waiving his right to file a motion in arrest of judgment to challenge the plea, Conway did

---

[3] Conway's stated "argument is that the record does not contain what *Alford* refers to as 'strong evidence,' and which Iowa case law refers to as 'overwhelming evidence' of [his] actual guilt of this offense." Conway argues *Alford* "imposes an obligation on the part of the district court to make an independent determination of the overwhelming evidence of the actual guilt of the defendant." We interpret this as an argument that *Alford* pleas—as opposed to admission-of-guilt-pleas which require only a factual basis in the record, *see State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013)—require a heightened evidentiary showing on the part of the State in order for a plea to be valid. We find no distinction between the evidentiary standards to be applied to *Alford* pleas and admission-of-guilt pleas. *See Alford*, 400 U.S. at 38 (noting Alford's plea was valid because it was supported by a "factual basis" and because of "Alford's clearly expressed desire to enter it despite his professed belief in his innocence"); *State v. Klawonn*, 609 N.W.2d 515, 521 (Iowa 2000) ("[T]here is no material difference between a plea which includes an express admission of guilt and an *Alford* plea."); *see also State v. Rodriguez*, 804 N.W.2d 844, 849–54 (Iowa 2011) (analyzing a challenge to an *Alford* plea under a factual-basis framework); *State v. Schminkey*, 597 N.W.2d 785, 788–92 (Iowa 1999) (same); *State v. Martin*, 778 N.W.2d 201, 203–04 (Iowa Ct. App. 2009) (same); *State v. Hallock*, 765 N.W.2d 598, 603–04 (Iowa Ct. App. 2009) (same); *see generally State v. Siner*, 17-0993, 2018 WL 1098948, at *2 n.3 (Iowa Ct. App. Feb. 21, 2018). We therefore analyze

not preserve error and he is therefore unable to challenge the validity of his plea on the merits. *See* Iowa R. Crim. P. 2.24(3) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). However, Conway raises his factual-basis argument under an ineffective-assistance-of-counsel rubric, contending his plea counsel rendered ineffective assistance of counsel in allowing him to plead guilty and waive his right to file a motion in arrest of judgment when his plea was unsupported by a factual basis. *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017) ("[I]f the guilty plea resulted from ineffective assistance of counsel, the defendant can challenge the plea under the rubric of ineffective assistance of counsel."); *see also State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules.").

We review ineffective-assistance-of-counsel claims de novo. *State v. Henderson*, 908 N.W.2d 868, 874 (Iowa 2018). To succeed on a claim of ineffective assistance of counsel, Conway "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018) (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude

---

Conway's evidentiary challenge to his guilty plea, if at all, under a factual-basis framework.

relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

"Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's plea." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010); *accord State v. Nall*, 894 N.W.2d 514, 525 (Iowa 2017). Prejudice is presumed under these circumstances. *See Nall*, 894 N.W.2d at 525.

Conway's contention is that, "in light of the fact that the codefendant later [pled guilty] to possessing both drugs, the record does not contain overwhelming evidence of Conway's guilt." In light of the facts that Goetz admitted at the scene that the marijuana was his and subsequently pled guilty to possession of it, we agree that Conway had a legitimate challenge to the alleged factual basis; but the law also recognizes that illegal drugs may be constructively possessed. *See, e.g.*, *State v. Reeves*, 209 N.W.2d 18, 22–23 (Iowa 1973). As noted, however, Conway did not preserve error by filing a motion in arrest of judgment and he cannot now challenge the validity of his plea on the merits for want of a factual basis; he can only challenge it under an ineffective-assistance-of-counsel framework. Specifically, had Conway preserved error, he could challenge his plea on the merits as lacking a factual basis and, if successful, he could potentially have his judgment and sentence vacated or possibly even have his conviction set aside. *See State v. Burtlow*, 299 N.W.2d 665, 670 (Iowa 1980). However, because Conway did not preserve error, the question before us is whether plea counsel

provided ineffective assistance in allowing Conway to plead guilty and waive his right to file a motion in arrest of judgment.

At the plea hearing, defense counsel specifically pointed out to Conway that there was a possible challenge to the factual basis for an *Alford* plea, noting Goetz had already pled guilty to the charge. Having already stated his desire to avoid the "risk that they could find [him] guilty," Conway restated his desire to not pursue a trial and instead enter an *Alford* plea. This case is distinguishable from a run-of-the-mill ineffective-assistance claim on lack-of-factual-basis grounds. In those cases, counsel breaches an essential duty by failing to recognize a factual-basis deficiency, and then allowing the defendant to enter a guilty plea. Here, counsel recognized the factual-basis deficiency and discussed it with Conway before and during the plea hearing, but Conway nevertheless persisted in his desire to plead guilty and waive his right to file a motion in arrest of judgment. We cannot say counsel's performance here fell below the "normal range of competence," and we therefore find counsel did not breach an essential duty. *See State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011).

Likewise, when challenging a guilty plea through a claim of ineffective assistance of counsel, "in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). Although we find counsel did not breach an essential duty, this prejudice standard is instructive in this case. Conway was made aware of the factual-basis deficiency, yet still declined to proceed to trial. Any prejudice Conway was subjected to was not a result of

ineffective assistance of counsel. It was a result of Conway's decision to plead guilty and waive his right to file a motion in arrest of judgment, despite the fact that a factual-basis for his plea was subject to challenge.

We conclude Conway was not provided ineffective assistance of counsel and we therefore affirm his conviction, judgment, and sentence. For clarity purposes, we note Conway is not entitled to any of the remedies that could potentially flow from challenging the district court's acceptance of his plea on lack-of-factual-basis grounds, as Conway did not preserve error on such a claim.

**AFFIRMED.**

Danilson, C.J., concurs; McDonald, J., concurs specially.

**MCDONALD, Judge** (concurring specially)

I respectfully concur in the judgment but for a different reason. Here, Conway claims his counsel provided constitutionally deficient representation in allowing Conway to plead guilty in the absence of a factual basis. To prevail on his claim, Conway need not show he would have proceeded to trial to establish constitutional prejudice. Instead, he need only show his guilty plea lacked a factual basis because breach and prejudice are inherent upon such a showing. The supreme court articulated the relevant standard in *State v. Schminkey*:

> The district court may not accept a guilty plea without first determining that the plea has a factual basis. This requirement exists even where the plea is an Alford plea. Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent. Therefore, our first and only inquiry is whether the record shows a factual basis for Schminkey's guilty plea to the charge of theft of a motor vehicle. In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report.

597 N.W.2d 785, 788 (Iowa 1999).

Although I disagree with the majority's rationale, I nonetheless concur. Here, Conway contends there was not a factual basis for his plea because there must be strong or overwhelming evidence of guilt to establish a factual basis for an *Alford* plea. There is no such requirement. Even if there were such a requirement, it was satisfied in this case. The plea record establishes the officers found Conway sitting on top of large amount of marijuana, and Conway admitted to the officers he was in possession of the marijuana. Nothing more is required to

establish a factual basis in support of the possession charge.  Thus, counsel was not constitutionally ineffective in allowing Conway to plead guilty.