# IN THE COURT OF APPEALS OF IOWA

No. 18-1211
Filed November 27, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRIAN CHRISTNER,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.


Brian Christner appeals his conviction of voluntary absence from custody and the sentence imposed. **AFFIRMED.**


G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Brian Christner was serving a prison sentence for a felony drug charge. In January 2018, he checked out of the work-release center and did not return. A warrant issued for his arrest. He was apprehended in March. He was charged with voluntary absence from custody. He filed a pro se motion to dismiss on double-jeopardy grounds. The court denied the motion until and unless it was set for hearing by defense counsel. Defense counsel did not pursue the argument, and Christner ultimately pled guilty. He was sentenced to ninety days in jail, with credit for time served, to be served consecutively with his felony drug sentence. *See* Iowa Code § 901.8 (2018) ("If a person is sentenced for escape under section 719.4 or for a crime committed while confined in a detention facility or penal institution, the sentencing judge shall order the sentence to begin at the expiration of any existing sentence."); *see also State v. Burtlow*, 299 N.W.2d 665, 668 (Iowa 1980) (concluding section 901.8 applies to all variations of section 719.4, including voluntary absence).

He now appeals his conviction, arguing his counsel was ineffective in failing to file a motion to dismiss on double-jeopardy grounds.[1] Because of the alleged double-jeopardy violation, he also maintains his sentence is illegal. His arguments on appeal are unpersuasive and miss the point. Relevant here, individuals are constitutionally protected from "multiple punishments for the same offense." *State*

---

[1] As the State points out, recent legislation, effective July 1, 2019, limits our ability to consider appeals of convictions when a defendant has pled guilty and forecloses our ability to consider ineffective-assistance-of-counsel claims on direct appeal. *See* 2019 Iowa Acts ch. 140, §§ 28(a)(3), 31 (codified at Iowa Code §§ 814.6(1)(a)(3), .7). However, the supreme court recently ruled the new legislation does "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

*v. McKettrick*, 480 N.W.2d 52, 56 (Iowa 1992). Simply stated, Christner's situation does not violate that protection. We find counsel was under no duty to pursue the meritless argument and was therefore not ineffective. *See State v. Trane*, 934 N.W.2d 447, 465 (Iowa 2019). We affirm Christner's conviction and sentence without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**