# IN THE COURT OF APPEALS OF IOWA

No. 23-0437
Filed June 5, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TODD MATTHEW CROSGROVE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Mark C. Cord, III, Judge.

        Todd Matthew Crosgrove challenges the sufficiency of the evidence supporting his conviction. **AFFIRMED.**

        Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Todd Matthew Crosgrove challenges the sufficiency of the evidence supporting his conviction.  Because substantial evidence supports the verdict, we affirm his conviction.

## I.    *Background Facts and Proceedings.*

On May 6, 2021, the court revoked Crosgrove's probation, committed him to the custody of the Woodbury County Jail for forty-five days, and ordered him to report before June 11 to serve the time.  He did not report as required.

Crosgrove was living in California at the time, and he returned to Iowa on June 9.  The morning of June 11, Crosgrove's father "had two heart attacks and a stroke" and was transported to Omaha, Nebraska.  Instead of turning himself in at the jail, Crosgrove traveled to Omaha to be with his father.  From June 11 to his father's death on June 21, Crosgrove testified that he made several attempts to contact the jail and his attorney to reschedule.  After his father's death, Crosgrove testified that he still did not turn himself in because "I was going through a lot with grieving."  An arrest warrant was issued July 15, but Crosgrove still did not report to the jail.

Over one year later, Crosgrove turned himself in on July 9, 2022.  He testified that "it was right thing to do" because "the obligation was not going to go away."  The State charged him with absence from custody, and after a brief bench trial, Crosgrove was convicted.  He appeals, challenging the sufficiency of the evidence.

## II. Review.

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). With a sufficiency challenge, we view the evidence "in the light most favorable to the State," and we are bound by the district court's finding of guilt if it is supported by substantial evidence. *State v. Warren*, 955 N.W.2d 848, 857 (Iowa 2021). We similarly review statutory interpretation rulings for correction of errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

## III. Sufficiency of the Evidence.

Crosgrove contends that insufficient evidence supports his conviction under Iowa Code section 719.4(3) (2021)[1] because he (1) lacked specific intent and (2) never departed from custody. We determine neither argument has merit.

First, absence from custody is not a specific-intent crime. *State v. Francois*, 577 N.W.2d 417, 421 (Iowa 1998). Instead, a defendant must act "knowingly and voluntarily." Iowa Code § 719.4(3). Crosgrove claims he did not act knowingly because he tried to contact the jail to reschedule. But "knowingly" does not refer to "whether a defendant acted intentionally or deliberately"; instead, it refers to whether he had "a conscious awareness" of the essential facts of the crime. *State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) (citations omitted). Crosgrove concedes he knew he had to report to the jail on June 11 and chose to be with his ailing father instead. Similar to the district court, while we have empathy for

---

[1] Iowa Code section 719.4(3) provides that: "A person who has been committed . . . to a jail or correctional institution, who knowingly and voluntarily is absent from a place where the person is required to be, commits a serious misdemeanor."

Crosgrove's grief, this does not absolve him from violating the law. The subsection under which Crosgrove was convicted does not require a specific intent to escape from restraint, but it applies to those "whose actions do not constitute a breach of any physical restraint, but [nonetheless] violate the conditions upon which they have been granted a limited liberty." *State v. Burtlow*, 299 N.W.2d 665, 669 (Iowa 1980) (citation omitted); *accord State v. Luckett*, No. 16-0798, 2017 WL 1088105, at *2 (Iowa Ct. App. Mar. 22, 2017). Crosgrove violated those conditions by failing to report to the jail on June 11. Based on the record, we find substantial evidence supports the finding that his failure was knowing and voluntary.

Next, Crosgrove contends that the statute requires him to be committed to custody and then voluntarily depart. Relying on *Francois*, he argues the legislature's amendments were not a substantive change and we must therefore follow older wording; the 1976 code used the word "absents," the 1985 amendment used "leaves," and an amendment made the next year modified it to "is absent from." 577 N.W.2d at 419 (holding that the consolidation of amendments did not make substantive changes to the law but was "merely intended to correct [an] error"). This is incorrect on three counts. First, *Francois* is distinguishable because the question on appeal concerned statute-of-limitations tolling, not sufficiency of the evidence. *Id.* at 417.

Second, Crosgrove asks us to use a plain-meaning approach to interpret half the statute but then use legislative history for the other half.[2] But there is no

---

[2] Crosgrove argues the "plain language" of "knowingly and voluntarily" but relies on legislative history to define "absent."

need to rely on legislative history for either part of this statute when the plain meaning is clear. *State v. Doe*, 903 N.W.2d 347, 351 (Iowa 2017) ("If there is no ambiguity [in the statute], we apply th[e] plain meaning. Otherwise, we may resort to other tools of statutory interpretation," such as legislative intent. (internal citations omitted)). Our current version uses "absent," which means "to be away" or to be "not present." *See* Iowa Code § 719.4(3); *State v. Miller*, 841 N.W.2d 583, 593 (Iowa 2014) (citation omitted). In interpreting this provision, the Iowa Supreme Court differentiated between a traditional "escape" where one leaves a facility with the lesser crime of simply being absent. *Id.* at 593–94. Crosgrove likewise was not charged with the crime of escape but with merely being absent from custody. *See Burtlow*, 299 N.W.2d at 669 ("Subsection three of the statute obviously applies when a [defendant] is absent without authority from a place he is required to be, *even if he has not left the premises*." (emphasis added)). Crosgrove has already conceded that he was supposed to be at the jail June 11 and was not there.

Finally, even if we were to consider the legislature's intent, the result would be the same. Iowa courts have already interpreted this provision as "describ[ing] a person who is unable to be found in a place or is away or not present in a place." *Miller*, 841 N.W.2d at 593. This includes the failure to report at a designated time and place. *Id.* at 593–94 ("The legislature clearly wanted the [amended] statute to cover the failure of a person to return to a facility."); *Burtlow*, 299 N.W.2d at 669 (applying the provision to someone "absent without authority" from a designated location); *Luckett*, 2017 WL 1088105, at *1–2 (affirming conviction for absence

from custody when a defendant failed to return "on time"). It is undisputed that Crosgrove was not at the jail on June 11 when he was directed to be.

Based on the record, we find there is substantial evidence to support Crosgrove's conviction for absence from custody, and we therefore affirm.

**AFFIRMED.**